UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BARBARA SHEEHAN,                             :
                                             :
                        Petitioner,          :
                                             :          **MEMORANDUM AND ORDER**
          -against-                          :          **ADOPTING REPORT**
                                             :          **AND RECOMMENDATIONS**
WILLIAM POWERS, Superintendent of            :          **14-cv-02898 (DLI) (CLP)**
Albion Correction Facility, and              :
THE ATTORNEY GENERAL OF THE                  :
STATE OF NEW YORK                            :
                                             :
                        Respondents.         :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Petitioner Barbara Sheehan ("Petitioner") timely petitioned for a writ of *habeas corpus* (the "Petition") pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, against William Powers, Superintendent of Albion Correctional Facility, and the Attorney General of the State of New York (together, "Respondents"). Pet. for Writ of *Habeas Corpus* ("Pet."), Dkt. Entry No. 1; Pet.'s Mem. of Law ("Pet. Mem."), Dkt. Entry No. 2. Respondents opposed the Petition. *See*, Resps.' Mem. of Law in Opp'n to Pet. for a Writ of *Habeas Corpus* ("Opp'n to Pet."), Dkt. Entry No. 9.

On April 12, 2017, after receiving filings in connection with the Petition, the Court referred the Petition to the Honorable Cheryl L. Pollak, Chief U.S. Magistrate Judge, for a Report and Recommendations ("R & R"). *See*, Electronic Order dated April 12, 2017. On October 18, 2017, the magistrate judge issued an R & R recommending that the Petition be denied. *See*, R & R, Dkt. Entry No. 22. Petitioner timely objected to the R & R. *See*, Pet.'s Obj. to R & R ("Obj."), Dkt. Entry No. 24. Respondents responded to the objection. *See*, Resps.' Mem. of Law in Reply to

Pet. Obj. to R & R ("Obj. Opp'n"), Dkt. Entry No. 25.  For the reasons set forth below, the R & R is adopted in its entirety and the Petition is denied.

## BACKGROUND

The Court presumes the parties' familiarity with the R & R and, based on the thorough recitation of facts in the R & R, only those facts relevant to the issues before the Court are set forth herein.  On May 12, 2008, by an indictment filed in New York State Supreme Court, Queens County (the "Trial Court"), Petitioner was charged with one count of murder in the second degree and two counts of criminal possession of a weapon in the second degree.  Pet. at 1-2.  The charges related to Petitioner shooting and causing the subsequent death of her husband, Raymond Sheehan.  R & R at 1-2.  Prior to trial, Petitioner sought to introduce the testimony of Dr. Dawn Hughes ("Dr. Hughes"), a psychiatric expert, pursuant to New York Criminal Procedure Law ("N.Y.C.P.L.") § 250.10.  *Id.* at 3.  The N.Y.C.P.L. provides that, when a defendant has served a notice of intent to present psychiatric testimony, the prosecution may ask the trial court to order the defendant to submit to an examination by a psychiatrist or psychological expert designated by the prosecution.  N.Y.C.P.L. § 250.10(3).  Both the prosecutor and defendant's counsel have a right to be present at the examination, but "[t]he role of each counsel at such examination is that of an observer, and neither counsel shall be permitted to take an active role at the examination."  *Id.*

On November 10, 2009, after a series of events involving Petitioner's counsel's aggressive tactics to obstruct Petitioner's questioning by the prosecution's psychological expert, the Trial Court granted the prosecution's motion to preclude Dr. Hughes' testimony.  R & R at 10.  The Trial Court recognized that such a preclusion of testimony "is a very serious and drastic remedy for a violation of [N.Y.C.P.L. §] 250.10(3)."  *Id.* at 12.  The Trial Court nonetheless found that the preclusion was warranted because Petitioner had engaged in "a deliberate strategy of delay that

2

has served to deprive the People of the opportunity to have their own expert examine defendant within a reasonable time after the crime and after timely service of notice pursuant to [N.Y.C.P.L. §] 250.10." *Id.*

On October 6, 2011, after a jury trial, Petitioner was found not guilty of both murder in the second degree and criminal possession of a weapon in the second degree with respect to a revolver. However, she was found guilty of criminal possession of a weapon in the second degree with respect to a firearm. *Id.* at 21. On November 10, 2011, Petitioner was sentenced to five years of incarceration and two and a half years of post-release supervision. *Id.*

On April 26, 2012, Petitioner appealed her conviction to the New York State Supreme Court, Appellate Division, Second Department (the "Appellate Division"). *Id.* at 24. Petitioner contended that: (1) her conviction was against the great weight of the evidence; (2) the trial court erred by precluding Dr. Hughes' testimony; and (3) her sentence should be reduced as both a matter of law and of justice. *Id.* On May 29, 2013, the Appellate Division affirmed both the jury verdict and sentence. *See*, *People v. Sheehan*, 106 A.D.3d 1112, 1113 (2d Dep't 2013). The Appellate Division found that: (1) the conviction on the weapons charge was not against the weight of the evidence; (2) Petitioner's contention that the Trial Court erred by precluding the expert psychiatric testimony was "academic" in light of her acquittal of the murder count; and (3) the sentence imposed was not excessive. *Id.*

On June 5, 2013, Petitioner sought leave to appeal to the New York State Court of Appeals. R & R at 25. On September 13, 2013, the Court of Appeals denied her application for leave to appeal. *See*, *People v. Sheehan*, 21 N.Y.3d 1077 (2014). Petitioner never filed a petition for a writ of certiorari to the United States Supreme Court. On May 8, 2014, Petitioner timely filed the instant Petition.

**LEGAL STANDARD**

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).

On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted).

After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The Petition raised two claims:  (1) that the Appellate Division's determination that the preclusion of Dr. Hughes' testimony was irrelevant to the weapons charge violated Petitioner's constitutional right to present evidence in support of her defense; and (2) that the sanction of precluding Dr. Hughes' testimony was unconstitutional because the Trial Court failed to consider (1) the purposes of N.Y.C.P.L. § 250.10, (2) whether the sanction was "arbitrary or disproportionate" or (3) whether there were alternative sanctions.  *See*, Pet. Mem. at 7-24; *See also*, R & R at 31.

As to the first claim, the magistrate judge found that Petitioner failed to identity any clearly established federal law that is contrary to the Appellate Division's decision.  R & R at 44.  The magistrate judge also found that Petitioner failed to show that the Appellate Division's decision was an unreasonable application of any clearly established federal law.  *Id.*  Regarding the second argument, the magistrate judge concluded that the Trial Court's decision to sanction Petitioner by precluding Dr. Hughes' testimony was neither arbitrary nor disproportionate, and the Trial Court did not need to impose less severe alternative sanctions.  *Id.* at 58, 62.  Accordingly, the magistrate judge recommended that this Court deny the Petition.  *Id.* at 63.

As set forth below, Petitioner's objections are an attempt to relitigate the arguments raised in her Petition.  The magistrate judge considered Petitioner's arguments, which were repeated here, after reviewing all filings in connection with the Petition, including Petitioner's state court records. *See*, *generally*, R&R; *See also*, Electronic Order dated October 18, 2017.  Accordingly, the applicable standard review of here is for clear error because Petitioner's objections to the R & R merely rehash the arguments raised in the Petition.  However, even upon *de novo* review of Petitioner's objections to the R & R, they would be overruled.

Petitioner first objects to the R & R contending that she need not establish a right to present psychiatric testimony under clearly established Supreme Court precedent.  Obj. at 3.[1]  To support this contention, Petitioner cites to *Taylor v. Illinois* stating that "[i]t is . . . undisputed that '[f]ew rights are more fundamental than that of an accused to present witnesses in his [or her] own defense.'"  *Id.* at 4 (quoting *Taylor*, 484 U.S. 400, 409 (1988)).  However, "the right to introduce relevant evidence can be curtailed if there is a good reason for doing so."  *Clark v. Arizona*, 548 U.S. 735, 739 (2006).  Moreover, as the magistrate judge correctly noted, in *Taylor*, the Supreme Court did not consider whether a defendant has the right to present psychiatric or other expert testimony.  R & R at 41-42.  Indeed, the controlling principle here is that there is "no absolute federal constitutional right to present psychiatric evidence on the question of *mens rea*."  *Singh v. Greene*, 2011 WL 2009309, at *19 (E.D.N.Y. May 20, 2011) (citing *Clark v. Arizona*, 548 U.S. at 770-71).  While properly applying the standard under 28 U.S.C. § 2254(d)(1) and applicable legal precedent, the magistrate judge correctly explained that Petitioner has failed to "identify a specific Supreme Court holding relating to a criminal defendant's right to present psychiatric testimony or other expert testimony on the question of *mens rea*."  R & R at 44.

Petitioner relies on an inapposite 42-year-old case in her objection that she previously did not cite or discuss in the Petition and which thus was not before the magistrate judge.  Petitioner claims that, from the decision in *Ronson v. Comm'r of Corr. of State of N.Y* to the present, numerous *habeas* courts have considered the preclusion of psychiatric testimony as a violation of a defendant's Sixth Amendment right to present witnesses in support of a defense.  Obj. at 4-5 (citing *Ronson*, 604 F.2d 176 (2d Cir. 1979); *Smith v. Perez*, 722 F. Supp.2d 356, 368 (W.D.N.Y.

---

[1] While Petitioner is represented by counsel, Petitioner's arguments throughout tend to be confusing and difficult to discern.  However, the Court has raised the strongest arguments it can glean from Petitioner's brief, despite not having a duty to do so given that Petitioner is not proceeding *pro se*.

2010)*; Singh v. Greene*, 2011 WL 2009309, at *17). *Ronson* dealt with whether the defendant

provided sufficient notice under § 250.10 for his insanity defense. *See*, *Ronson*, 604 F.2d at 178-

79. *Smith*, which also was not discussed in the Petition and, thus, not before the magistrate judge,

concerned whether the defendant was required to provide a notice pursuant to N.Y.C.P.L. § 250.10

when she did not seek to introduce expert psychiatric testimony for her extreme emotional

disturbance defense. *See*, *Smith*, 722 F. Supp.2d at 371-79. *Singh* also dealt with the defendant's

failure to provide notice pursuant to N.Y.C.P.L. § 250.10. *See*, *Singh*, 2011 WL 2009309, at *16-

21. These cases are completely inapposite. As noted in the Background Section above, the

question of proper notice never was at issue before the Trial Court. Therefore, Petitioner's reliance

on these cases is improper and the objection is overruled.

As for Petitioner's second objection to the R & R, Petitioner disagrees with the magistrate

judge's decision not to apply *Jackson v. Edwards* to Petitioner's case. *Id.* at 6-9 (citing *Jackson*,

296 F. Supp.2d 292 (E.D.N.Y. 2003), *aff'd*, 404 F.3d 612, 626 (2d Cir. 2005)). In *Jackson*, the

state trial court refused to charge the jury on the defense of justification as to the petitioner's

murder, manslaughter, and weapons possession charges. *See*, *Jackson*, 296 F. Supp.2d at 296,

300. The petitioner in *Jackson* was convicted of manslaughter in the second degree and criminal

possession of a weapon in the second degree but acquitted of murder in the second degree. *Id*. In

granting the *habeas* petition as to the weapons charge, the *Jackson* district court found that the

weapons conviction might not have been supported by a jury verdict, if the jury had accepted the

justification defense. *Id.* at 303. The Second Circuit affirmed, finding that the state trial court's

failure to give a justification instruction on any of the charges, including murder, "tainted . . . the

jury's . . . evaluation of the weapons possession charge." *Jackson*, 404 F.3d at 626. The Second

Circuit explained that, although New York law does not provide a justification defense to a

weapons possession charge, "if a properly instructed jury were to have concluded that [the petitioner] was not guilty of any homicide offense, then it might have also concluded that he lacked the requisite intent to be guilty of the weapons charge." *Id*. at 626-27.

Petitioner argues that *Jackson* is applicable here because: (1) the circumstances in *Jackson* are akin to the present case; (2) the standard of review in *Jackson* meets the heightened standard set in subsequent Supreme Court decisions; and (3) the lack of justification instruction in *Jackson* and the preclusion of psychiatric testimony here is "a distinction without any difference." *Id.* at 9. The magistrate judge properly, carefully and thoroughly addressed all these points. *See*, R & R at 42-45.

The magistrate judge correctly distinguished Petitioner's case from *Jackson*. *See*, R & R at 44. Unlike in *Jackson*, here, the jury was given the justification instruction and Petitioner was acquitted of the homicide charge. *Id.* Furthermore, although the Trial Court instructed the jury that justification was not a defense to the weapons charge, it instructed the jury that "an intent to use a firearm against another justifiably is not an intent to use it unlawfully" and that "to find the defendant guilty of this crime, you must find beyond a reasonable doubt that she possessed the firearm with the intent to use it against another unlawfully and not solely with the intent to use it justifiably." *Id.* In addition, the magistrate judge reminded Petitioner that that "Circuit Court decisions do not constitute clearly established Supreme Court precedent as required to grant a *habeas* petition." R & R at 43 (citing *White v. Woodhall*, 572 U.S. 415, 419-20 (2014)). Lastly, in *Harrington v. Richter* and *White v. Woodall*, the Supreme Court set a heightened standard for petitions under 28 U.S.C. § 2254(d). *Id.* at 43-44 (citing *Harrington*, 562 U.S. 86, 103 (2011); *White*, 572 U.S. at 427). Petitioner's bald assertion that *Jackson* met the heighted requirements set in *Harrington* and *White*, without support, is meritless. Accordingly, Petitioner's reliance on

*Jackson* is misplaced and the objection is overruled.

Petitioner also objects to the magistrate judge's finding that the Appellate Division's affirmance of the preclusion of psychiatric testimony was an adjudication on the merits. *See*, Obj. at 10. Petitioner contends that the Appellate Division did not reach its decision on the merits because it did not evaluate "the parties' substantive arguments" or "the intrinsic right and wrong of the matter." *Id.* at 10-11 (quoting *Johnson*, 568 U.S. 289, 302 (2013)). However, the magistrate judge thoroughly and astutely applied legal precedent and properly found that Petitioner "has not rebutted the presumption that '[w]hen a state court rejects a federal claim without expressly addressing that claim . . . the federal claim was adjudicated on the merits." R & R at 48 (quoting *Johnson*, 568 U.S. at 301). The magistrate judge correctly explained that, although the Appellate Division did not specifically render a decision as to whether the preclusion violated Petitioner's constitutional rights, the Appellate Division sufficiently adjudicated the matter on the merits when it heard and evaluated Petitioner's arguments and evidence before rendering the decision on Petitioner's appeal on the preclusion issue. *Id.* at 49. Accordingly, the objection is overruled.

Petitioner further objects to the magistrate judge's presumption that the Trial Court's determination of factual issues leading to the preclusion of the psychiatric expert's testimony is correct. *See*, Obj. at 15. Petitioner contends that the Trial Court's fact finding process was deficient because it refused to view the video recording of Petitioner's July 28, 2009 examination. *Id.* Petitioner's contention is without merit. The Trial Court's law secretary was present at the examination and observed the parties' conduct firsthand. R & R at 54. Moreover, the Trial Court in fact did hold a hearing at which the parties argued their positions and submitted papers on this issue. *Id.* Based on these facts, the magistrate judge properly found that the Trial Court's factual findings were made after a full and fair consideration of the issues. *Id.* Furthermore, the magistrate

judge correctly concluded that Petitioner's claim is procedurally barred as Petitioner failed to challenge the Trial Court's finding that her conduct was "willful" under N.Y.C.P.L. § 250.10 on direct appeal. *Id.* at 55.

Next, Petitioner objects to the magistrate judge's finding as to the constitutionality of the preclusion of psychiatric testimony because the sanction was disproportionate to Petitioner's and her attorney's conduct and alternative sanctions would have been adequate and appropriate. *See*, Obj. at 17-21. Petitioner relies on *Pulinario v. Goord*, 291 F. Supp.2d 154 (E.D.N.Y. 2003), *aff'd*, 118 Fed. Appx. 554 (2d Cir. 2004). In *Pulinario*, the district court noted that "New York courts typically reserve preclusion . . . to cases where the defendant . . . outright refuses to submit to an examination by the prosecution's psychiatrist . . . , and thus prevents the prosecution from moving for an examination." *Pulinario*, F. Supp.2d at 176 (citations omitted). Petitioner argues that her failure to appear for the September 18, 2009 examination did not constitute an "outright refus[al] to submit to an examination." *Id.* at 18-19. However, as the magistrate judge correctly observed, Petitioner chose not to appear for the September 2009 examination despite knowing about it and contrary to the Trial Court's direction to do so. R & R at 56-57. Accordingly, the magistrate judge appropriately concluded that the Trial Court "only granted sanctions in the specific circumstance that . . . Section 250.10 is to be reserved for:  namely, when a defendant "refuses to submit" to a psychological examination." *Id.* at 57.

Lastly, Petitioner objects to the magistrate judge's finding that the prosecution was prejudiced by the delays caused by Petitioner's refusal to submit to the examination. *See*, Obj. at 19-20. Petitioner contends that "the only delay for which Petitioner was responsible was the delay . . . of 'several months' in completing the examination." *Id.* at 20. As the magistrate judge correctly noted, the Trial Court's finding of prejudice to the prosecution was based not only on the

delay in completing the examination, but also on Petitioner's delay tactics, her counsel's disruptive conduct during the July 2009 examination, and her refusal to appear at the September 2009 examination. R & R at 62. Upon carefully applying legal authority on this matter, the magistrate judge properly concluded that the delay caused by Petitioner impeded the prosecution's and its expert's ability to understand and to assess Petitioner's mental state at the time of the underlying crime, as well as their ability to respond to Dr. Hughes' proposed testimony. *Id.* As such, the objection here is overruled.

Upon careful consideration and review, both *de novo* and for clear error, of the magistrate judge's exceptionally detailed, thorough, and well reasoned R & R, the Court finds that the magistrate judge disposed of each of Petitioner's claims appropriately, abundantly supporting her findings with facts from the record and legal precedent. Having found no errors, Petitioner's objections are overruled, and the R & R is adopted in its entirety.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

For the reasons set forth above, the R & R is adopted in its entirety.  Accordingly, the petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is denied in its entirety.  Petitioner is denied a certificate of appealability as she fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *See*, *also*, Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 19, 2021

                                   /s/
                            DORA L. IRIZARRY
                          United States District Judge